FILED

2021 Mar-26  PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| ORLANDO WILLIAMS, | ] | |
| | ] | |
|     **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CIVIL ACTION NO.** |
| | ] | **4:19-CV-1696-KOB** |
| UNITED STATES, et al., | ] | |
| | ] | |
|     **Defendants.** | ] | |

**<u>MEMORANDUM OPINION</u>**

This matter comes before the court upon numerous motions: Plaintiff Orlando Williams's motion to amend requesting leave to file a Second Amended Complaint (doc. 7); the Government's motion to dismiss Mr. Williams's Amended and Second Amended Complaints (doc. 9)—to which Williams responded (doc. 11) and the Government replied (doc. 12); Mr. Williams's motion for reconsideration as to the Second Amended Complaint, which the court construes as a motion to amend (doc. 13); Mr. Williams's motion to amend requesting leave to file a Third Amended Complaint (doc. 14); and Mr. Williams's motion to amend requesting leave to file a Fourth Amended Complaint (doc. 17). For the reasons explained below, the court **DENIES** Mr. Williams's motion to amend his complaint and file a Second Amended Complaint (doc. 7) and **STRIKES** the Second Amended Complaint (doc. 8); **DENIES** Mr. Williams's motion for reconsideration regarding the Second Amended Complaint (doc. 13), which the court construes as a motion to amend; **DENIES** Mr. Williams's motion to amend his complaint and file a Third Amended Complaint (doc. 14) and **STRIKES** the Third Amended Complaint (doc. 15); and **DENIES** Mr. Williams's motion to amend his complaint and file a Fourth Amended Complaint (doc. 17) and **STRIKES** the Fourth Amended Complaint (doc. 18). The court

**GRANTS** in part and **DENIES** as moot in part the Government's motion to dismiss (doc. 9). The court grants the Government's motion to the extent that it seeks to dismiss Mr. Williams's Amended Complaint (doc. 3) as a shotgun pleading but denies it as moot to the extent that it asks the court to dismiss Plaintiff's Second Amended Complaint (doc. 8) because the court has denied Plaintiff leave to file the Second Amended Complaint and has struck the Second Amended Complaint.

Lastly, the court **DISMISSES WITHOUT PREJUDICE** Mr. Williams's Amended Complaint (doc. 3) as a shotgun pleading but **GRANTS** Mr. Williams a **final opportunity** to amend his complaint alleging a claim against the United States under the Federal Tort Claims Act in compliance with Federal Rules of Civil Procedure 8(a)(2), 8(d)(1), and 10(b) and the Eleventh Circuit's directive against shotgun pleadings.

## I.    Factual and Procedural Background

On October 17, 2019, Plaintiff Orlando Williams filed a complaint (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). On December 2, 2019, Mr. Williams filed a motion to amend his complaint. (Doc. 3). On January 6, 2020, the court granted Mr. Williams's motion to amend and his motion to proceed *in forma pauperis* as to one claim under the Federal Tort Claims Act. (Doc. 4). In his Amended Complaint, Mr. Williams brought claims of negligence under the Federal Tort Claims Act, 28 U.S.C. § 1346(b); race discrimination and retaliation under *Bivens* and 42 U.S.C. §§ 1981 and 1983, and retaliation under § 29 U.S.C. § 794. (Doc. 3). The court *sua sponte* (on its own) reviewed the merits of the Amended Complaint. (Doc. 4).

The court first considered Mr. Williams's claim that the United States, acting through the Veterans Affairs, violated the Federal Tort Claims Act, 28 U.S.C. § 1346(b). (Doc. 4 at 1–2). After liberally construing Mr. Williams's claim as "alleg[ing] that a physician working for the

United States breached the relevant standard of care, proximately causing injury to Mr. Williams" and finding that Mr. Williams had stated that he exhausted his administrative remedies under the FTCA, the court granted Mr. Williams's motion to proceed *in forma pauperis* as to that claim. (*Id.* at 2).

But the court dismissed without prejudice all of Mr. Williams's other claims of discrimination and retaliation against other defendants as "frivolous because they facially d[id] not state a claim for relief." (Doc. 4 at 2). Accordingly, the court dismissed all defendants other than the United States. (*Id.* at 5).

On May 18, 2020, Mr. Williams filed a motion to amend his complaint a second time. (Doc. 7). But without the court's leave, Plaintiff filed a Second Amended Complaint. (Doc. 8). On June 1, 2020, the United States filed a motion to dismiss Plaintiff's Amended Complaint (doc. 3) and Second Amended Complaint (doc. 8) as shotgun pleadings. (Doc. 9). Mr. Williams responded (doc. 11), and the United States replied (doc. 12). Before the court could rule on the motion, on July 21, 2020, Mr. Williams filed a motion for reconsideration (doc. 13), which the court construes as another motion to amend. Mr. Williams then filed another motion to amend (doc. 14) and filed a Third Amended Complaint (doc. 15), again without the court's leave. The United States filed a response in opposition to Plaintiff's motion to amend (doc. 14) and Plaintiff's Third Amended Complaint (doc. 15), arguing that the Third Amended Complaint was also a shotgun pleading. (Doc. 16).

On September 9, 2020, Mr. Williams filed yet another motion to amend (doc. 17) and then a Fourth Amended Complaint (doc. 18), without the court's leave.

## II.     Standards of Review

### A.  Leave to Amend

A court "should freely give leave" to a party to amend its pleading "when justice so

requires." Fed. R. Civ. P. 15(a)(2). The court must have "a substantial reason to deny a motion to

amend. Substantial reasons justifying a denial include undue delay, bad faith, dilatory motive on

the part of the movant, undue prejudice to the opposing party by virtue of allowance of the

amendment, and futility of amendment." *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d

1266, 1274 (11th Cir. 2001) (internal quotations and citations omitted).

### B.  Shotgun Pleading

Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading.

Rule 8(a)(2) instructs pleaders to provide "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) instructs that "each

allegation must be simple, concise, and direct . . ." Fed. R. Civ. P. 8(d)(1). The purpose of Rule 8

is to provide a defendant "fair notice of what the . . . claim is and the grounds upon which it

rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355

U.S. 41, 47 (1957)). Rule 10(b) of the Federal Rules of Civil Procedure sets forth the form of

pleadings, requiring that a party "state its claims or defenses in numbered paragraphs, each

limited as far as practicable to a single set of circumstances" and also instructing that "[i]f doing

so would promote clarity, each claim founded on a separate transaction or occurrence . . . must

be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often

disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach*, 792 F.3d 1313, 1320

(11th Cir. 2015). Shotgun pleadings "wreak havoc on the judicial system" by "divert[ing]

4

already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation and citation omitted).

The Eleventh Circuit has frequently condemned shotgun pleadings and has roughly divided them into four categories: (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) complaints that do "not seperat[e] into a different count each cause of action or claim for relief"; and (4) complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23. According to the Eleventh Circuit, "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A district court may strike a shotgun pleading *sua sponte* or on a party's motion. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

## III. Discussion

### A. Adding New Claims and Defendants

Since the court initially granted Mr. Williams leave to amend his initial complaint (doc. 4), Mr. Williams has filed three additional motions to amend his complaint (docs. 7, 14, and 17) and three additional amended complaints (docs. 8, 15, and 18), without the court's permission for him to do so.

5

Courts should freely give leave to a party to amend its pleading when justice so requires. But a court may deny a motion to amend when it has a substantial reason to do so. *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). Futility of amendment is one such reason. *Id.*

In his Amended Complaint (doc. 3), Mr. Williams brought a claim against the United States under the Federal Tort Claims Act. In a previous memorandum opinion, the court stated that "[l]iberally construed, Mr. Williams's FTCA claim appears to allege that his treating physicians at the VA, acting within the scope of their employment as agents of the United States, conducted MRI exams [in May 2011 and October 2017] and then negligently failed to appropriately treat a spinal growth that was visible on the MRIs." (Doc. 4).

The court has reviewed Mr. Williams's Second, Third, and Fourth Amended Complaints. In these complaints, in addition to bringing an FTCA claim against the United States, Mr. Williams asserts state-law claims of negligence and gross negligence against two groups of Defendants: first, the Healthcare Authority for UAB Highlands, UAB Highlands, Dr. Jason Lasseter Pittman, and nurse Heather Wilson; and second, Affinity Hospital, Grandview Medical Center, Dr. Zenko J. Hrynkiw, and nurse Sara Lejeune. (Docs. 8, 15, 18). Mr. Williams brings his claims of negligence and gross negligence based upon medical care he received at UAB Highlands in July and August 2019 and at Grandview Medical Center in January 2020.

The court finds that Mr. Williams's adding new claims and new defendants would be futile. Mr. Williams asserts that the court has supplemental jurisdiction over his state-law claims under 28 U.S.C. § 1367. (Doc. 8 at 8; Doc. 15 at 8; Doc. 18 at 9). Under that statutory provision, the court may exercise jurisdiction over claims related to the federal claim when those additional claims "form part of the same case and controversy under Article III of the United States

6

Constitution." 28 U.S.C. § 1367. The Supreme Court has held that, for the court to exercise

supplemental jurisdiction, the federal and state claims must arise out of a "common nucleus of

operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, the court finds that Mr. Williams's state-law claims of negligence and gross

negligence based on medical services he received at UAB Highlands in July to August 2019

(doc. 8 at 32–33; doc. 15 at 33–34; doc. 18 at 21–22) and at Grandview Medical Center in

January 2020 (doc. 8 at 42–43; doc. 15 at 47; doc. 18 at 24–25) do not arise out the same

"common nucleus of operative fact" as his claim against the United States arising under the

Federal Tort Claims Act for treatment he received in May 2011 and October 2017.

As the court noted in its previous order (doc. 4), courts liberally construe *pro se* pleadings

and hold them to a "less stringent standard than those drafted by attorneys," but the court does

not have a "license to serve as de facto counsel for a party," or the "ability to rewrite an

otherwise deficient pleading in order to sustain an action." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d

1248, 1253 (11th Cir. 2017); *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.

2014) (quotation omitted).

The court cannot act as de facto counsel for Mr. Williams here. The court **DENIES** Mr.

Williams leave to amend his complaint and add new causes of action and defendants, as doing so

would be futile.

### B. Shotgun Pleadings

The Government asserts that Mr. Williams's Amended Complaint constitutes a shotgun

pleading. (Doc. 9). Although Mr. Williams filed a response to the Government's motion to

dismiss (doc. 11), he did not make a substantive argument. The court agrees with the

Government that Mr. Williams's Amended Complaint is a shotgun pleading.

A shotgun pleading fails to give a defendant adequate notice of the claims against him and the factual bases for those claims. *Weiland v. Palm Beach*, 792 F.3d 1313, 1323 (11th Cir. 2015). Federal Rule of Civil Procedure 8(a) requires a Plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Mr. Williams's Amended Complaint is 154 pages long and includes counts that adopt prior allegations wholesale. Further, the complaint includes vague and immaterial facts, including lengthy footnotes providing biographical and medical information not clearly connected to the action. Thus, the court GRANTS the Government's motion to dismiss (doc. 9) and DISMISSES WITHOUT PREJUDICE Mr. Williams's Amended Complaint (doc. 3).

For the reasons explained above, the court **DENIES** Mr. Williams's motion to amend his complaint and file a Second Amended Complaint (doc. 7) and **STRIKES** the Second Amended Complaint (doc. 8); **DENIES** Mr. Williams's motion for reconsideration regarding the Second Amended Complaint (doc. 13), which the court construes as a motion to amend; **DENIES** Mr. Williams's motion to amend his complaint and file a Third Amended Complaint (doc. 14) and **STRIKES** the Third Amended Complaint (doc. 15); and **DENIES** Mr. Williams's motion to amend his complaint and file a Fourth Amended Complaint (doc. 17) and **STRIKES** the Fourth Amended Complaint (doc. 18). The court **GRANTS** in part and **DENIES** as moot in part the Government's motion to dismiss (doc. 9). The court grants the Government's motion to the extent that it seeks to dismiss Mr. Williams's Amended Complaint (doc. 3) as a shotgun pleading but denies it as moot to the extent that it asks the court to dismiss Plaintiff's Second Amended Complaint (doc. 8), as the court has denied Plaintiff leave to file the Second Amended Complaint and struck the Second Amended Complaint omplaint.

Lastly, the court **DISMISSES WITHOUT PREJUDICE** Mr. Williams Amended

Complaint as a shotgun pleading but **GRANTS** Mr. Williams a **final opportunity** to amend his complaint. Mr. Williams's Fifth Amended Complaint should allege only his FTCA claim against the United States, the only claim for which the court has granted him leave to proceed *in forma pauperis*, and should not name any dismissed Defendants. In his Fifth Amended Complaint, Mr. Williams should comply with Federal Rules of Civil Procedure 8(a)(2), 8(d)(1), and 10(b) and the Eleventh Circuit's directive against shotgun pleadings.

The Fifth Amended Complaint should include a "short and plain statement" of Mr. Williams's claims, with numbered paragraphs and "simple, concise, and direct" allegations. Mr. Williams should remove the many "conclusory, vague, and immaterial facts" with which his complaint is riddled. In short, Mr. Williams should give the United States "adequate notice of the claims against [it] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Further, the complaint should not include any discovery requests. If Mr. Williams chooses to amend, he must file a Fifth Amended Complaint **on or before April 16, 2021**. The court warns Plaintiff that this opportunity is his last chance to properly plead his case. If Mr. Williams does not address the shotgun problem and/or the complaint does not comport with the Federal Rules of Civil Procedure, the court will dismiss this case with prejudice.

**DONE** and **ORDERED** this 26th day of March, 2021.

**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE